FRANK FENIG, DEFENDANT IN ERROR, v. NORTH JERSEY
STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Argued March 12, 1900—Decided June 18, 1900.

In an action against a street railway company for personal injury the
plaintiff testified that he signaled the conductor to stop the car, that
as he was in the act of alighting, one foot being on the ground and
the other on the car, the conductor signaled to start and the car started
so suddenly that he was thrown violently to the ground and injured.
No other witness testified to the cause or manner of the accident.
*Held,* the judge did right in allowing the case to go to the jury.

On error to the Supreme Court. Tried at the Essex Cir-
cuit before Judge Child and a jury at the September Term,
1899, and a verdict rendered for the plaintiff for $1,000.

For the plaintiff in error, *Coult & Howell.*

For the defendant in error, *Joseph A. Beecher.*

The opinion of the court was delivered by

VOORHEES, J. This was an action brought by the plaint-
iff below to recover damages for personal injury suffered by
him from being violently thrown to the ground by the sudden
and negligent starting of the car of the defendant company,
while the plaintiff was in the act of alighting from said car.
The cause was tried before Judge Child at the Essex Circuit
Court and resulted in a verdict of $1,000 for the plaintiff.

There are two assignments of error, the first that the
learned judge refused to order a verdict for the defendant at
the end of the defendant's case. The plaintiff testified that
he was a passenger on the defendant's car; that he signaled
the conductor to stop the car; that the car was stopped in
response to his signal, and that as he was in the act of alight-
ing, one foot being on the ground and the other on the car,
the conductor signaled to start, and the car started so suddenly

that he was thrown violently to the ground and suffered serious injuries, from the effect of which he was confined to his house for some weeks, and· from which injuries he had not then recovered. No other witness testified as to the cause or manner of the accident, and it is apparent that the learned judge did right in allowing the case to go to a jury, and in not ordering a verdict for the defendant.

The other assignment of error was to the admission of a hypothetical question, asked of a physician who appeared upon the stand as an expert in behalf of the plaintiff, upon the ground that the question contained statements of fact not proved in the case. It is unnecessary to pass upon this assignment, as the physician's answer clearly showed that it was based upon facts ascertained by him from a personal examination of the plaintiff, and he distinctly asserted that he founded his answer upon his own examination ; and further, his answer to the question could not have affected or influenced the verdict.

The judgment should be affirmed.

*For affirmance*—MAGIE (CHANCELLOR), DEPUE (CHIEF JUSTICE), VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, · COLLINS, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 14.

*For reversal*—None.